AO91 (Rev. 12/03) Criminal Complaint

United States Courts
Southern District of Texas
**FILED**

JUN 15 2017

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT

Southern DISTRICT OF Texas

UNITED STATES OF AMERICA
V.
Stephen P. LYNCH

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number: **H17-987**

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 6/14/2017 (Date) in Harris County, in the Southern District of Texas defendant(s) did,

*(Track Statutory Language of Offense)*

Whoever corruptly - alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding shall be fined under this title or imprisoned not more than 20 years or both.

in violation of Title 18 United States Code, Section(s) 1512 (c)(1).

I further state that I am a(n) HSI Special Agent (Official Title) and that this complaint is based on the following facts:

See the attached affidavit

Continued on the attached sheet and made a part of this complaint: ☑ Yes ☐ No

_____
Signature of Complainant

William R. Hurst
Printed Name of Complainant

Sworn to before me and signed in my presence,

6-15-17 at Houston, Texas
Date                      City           State

Nancy K. Johnson          U.S. Magistrate
Name of Judge             Title of Judge              Signature of Judge

AFFADAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, William R. Hurst, being truly sworn and deposed state,

1.  I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge, Houston, Texas. I have been employed by Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), as an HSI agent for approximately ten years. I am currently assigned to the Cyber Investigations Group and as part of my daily duties as an HSI agent assigned to this group, I investigate criminal violations relating to child exploitation and child pornography including violations of Chapter 109A, Chapter 110 and Chapter 117, all contained within Title 18 of the United States Code. I have received training in the area of child pornography and child exploitation. I have also participated in the execution of search warrants and arrest warrants; a number of which involved child exploitation and child pornography offenses.

2.  This affidavit is based on reports your affiant has read and conversations your affiant has had with law enforcement officers and investigators involved in this investigation. This affidavit does not set forth all of my knowledge in this matter, but is intended only to show that there is probable cause to believe that Stephen LYNCH is in violation of Title 18 USC 1512 (c)(1), which makes it a crime for "[w]hoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object…with the intent to impair the object's integrity or availability for use in an official proceeding."

3.  On June 13, 2017, Special Agent (SA) William R. Hurst received information via the Homeland Security Investigations (HSI) Cyber Crimes Center (C3) regarding a referral from the National Center for Missing and Exploited Children (NCMEC). The referral advised that an unidentified female juvenile victim of a child pornography related offense was possibly located in the Houston, Texas, area.

4.  Analysts in the Child Victim Identification Program (CVIP) of NCMEC received a series of child exploitation still images (photographs) depicting an unknown female juvenile victim. Approximately 173 images were included in the referral sent to HSI Houston. At least half of the images constitute child pornography under federal law. Some of the images depict the juvenile victim fully nude with the child's genitalia lasciviously displayed.

5.      On June 14, 2017, HSI Houston Special Agents identified the victim at a residence in Kingwood, Texas. The homeowner and relative of the minor victim, Stephen LYNCH, was interviewed by HSI Special Agent W. Russell Hurst and Harris County Sherriff's Office Investigator Jeremy Thomas. LYNCH identified the minor victim and some of the toys, clothing and a blanket that were in the pornographic images. After the interview, SA Hurst informed LYNCH he was leaving to apply for a federal search warrant for the residence. LYNCH then entered the residence, unobserved by HSI Agents. LYNCH was discovered later inside the residence by Investigator Thomas as he was attempting to access a laptop computer. An on scene preview of the same laptop discovered a large number of images of child erotica including images of child erotica of the minor relative. Additionally, the kitchen was near the bedroom which is where LYNCH was found accessing the laptop.

6.      During the execution of the search warrant, HSI Agents found a plastic container holding approximately four (4) thumb drives in the microwave located in the kitchen. The resulting damage melted the plastic case and did visible damage to the thumb drives.

7.      When asked by HSI Special Agents about the damaged thumb drives, LYNCH stated that he did not know how they got in the microwave. The subject further stated that one of his children might have placed them in the microwave. When agents asked for further explanation, LYNCH stated he did not know what we were talking about.

8.      HSI Special Agents conducted an interview of Jennifer Lynch regarding the thumb drives. Jennifer stated that she saw the flames in the microwave but pointed out that agents were always escorting her in the residence. She was never left alone inside the house. Jennifer also stated that one of the children might have placed something in the microwave but she did not know.

9.      HSI Special Agents asked LYNCH's minor male child about placing anything in the microwave. The minor male child stated "it wasn't me or my dad". He also stated that he did not know how it got there but his sister likes to play on the microwave key pad. The minor male child was not in the residence when agents asked LYNCH about the devices and the microwave.

10.     At the time Special Agents noticed the burning smell coming from the microwave, the minor female child of LYNCH was not on the first floor of the residence which is where the microwave was located.

11. Due to all the information set forth above, your affiant believes there is probable cause to believe on or about June 14, 2017, LYNCH was in violation of Title 18 USC 1512 (c)(1), because he corruptly altered, destroyed, mutilated, and concealed the thumb drives with the intent to impair the thumb drives' integrity or availability for use in an official proceeding.

William R. Hurst
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN
Before me this ___ day of June 2017

Nancy K. Johnson
United States Magistrate Judge
Southern District of Texas